**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **RAYMOND TIERNEY, WAYNE F. MILLS, JR., ALAN GINET, ERIC J. MOSS, SAMMY FARLAND, DONALD J. McCLAFFERTY, RICARDO BACANI, PAUL LUONGO, and STEPHEN H. MCGUINNESS, on behalf of themselves and all persons similarly situated,** | **CIVIL ACTION NO. 05-220 S** |
| **Plaintiffs,** | |
| **v.** | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | |
| **Defendant.** | |

**ANSWER AND AFFIRMATIVE DEFENSES OF FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFFS' CLASS ACTION COMPLAINT**

COME NOW Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("FedEx Ground" or "Defendant") on behalf of itself alone, and for no other defendant, and files this Answer to the "Plaintiffs' Class Action Complaint" (the "Complaint") served by Plaintiffs RAYMOND TIERNEY, WAYNE F. MILLS, JR., ALAN GINET, ERIC J. MOSS, SAMMY FARLAND, DONALD J. McCLAFFERTY, RICARDO BACANI, PAUL LUONGO, and STEPHEN H. McGUINNESS (collectively, the "Plaintiffs"). Except as expressly admitted below, Defendant denies the allegations of Plaintiffs' Complaint.

## INTRODUCTION

1. Defendant denies each and every allegation contained in Paragraph 1 of the Complaint.

2. Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

3. Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

4. Defendant denies each and every allegation contained in Paragraph 4 of the Complaint, including its subparts, except Defendant admits that Plaintiffs state the relief they seek in that paragraph of the Complaint. Defendant specifically denies that Plaintiffs are entitled or any or all relief requested.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has jurisdiction over Plaintiffs' claims.

6. Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

## PARTIES

7. Defendant admits the identity of the Plaintiff Wayne F. Mills, Jr. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff Mills' residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits the identity of the Plaintiff Alan Ginet. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff Ginet's

residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits the identity of the Plaintiff Stephan H. McGuinness. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff McGuinness' residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits the identity of the Plaintiff Ricardo Bacani. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff Bacani's residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits the identity of the Plaintiff Donald J. McClafferty. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff McClafferty's residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits the identity of the Plaintiff Eric Moss. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff Moss' residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits the identity of the Plaintiff Sammy Farland. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff Farland's residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits the identity of the Plaintiff Paul Luongo. Defendant lacks

sufficient knowledge to respond to the allegations concerning Plaintiff Luongo residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits the identity of the Plaintiff Ray Tierney. Defendant lacks sufficient knowledge to respond to the allegations concerning Plaintiff Tierney's residency and on that basis denies the same. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant admits that it is a subsidiary of FedEx Corporation.

17. Defendant admits that it is Delaware Corporation, and alleges that its headquarters is located in Moon Township, Pennsylvania. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits that it launched FedEx Home Delivery in 2000, and admits that Plaintiffs purport to define FedEx Ground as stated in Paragraph 18 of the Complaint. Defendant denies all remaining allegations in Paragraph 18 of the Complaint.

## FACTS

19. Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation contained in Paragraph 20 of the Complaint, including its subparts.

## CLASS ACTION ALLEGATIONS

21. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint, except Defendant admits that Plaintiffs purport to bring a class action as described in Paragraph 21 and denies that this case may be maintained as a

class action.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint, except Defendant admits that the aggregate number of putative class members who would meet Plaintiffs' proposed class definition exceeds 100.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Complaint

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

## LEGAL CLAIMS

**COUNT I**

32. Defendant repeats and realleges its answers to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Defendant admits that Plaintiffs purport to bring a claim under 29 U.S.C. § 1132(a)(1)(B), but denies that the claim has merit.

34. Defendant is without knowledge sufficient to answer to whom Plaintiffs served their Complaint, and on that basis deny that allegation. Defendant admits that this Court has jurisdiction to hear claims under ERISA, but denies that Plaintiffs have a meritorious ERISA claim.

35. Defendant admits that Paragraph 35 of Plaintiffs' Complaint purports to set forth the class period for their ERISA claim. Defendant denies that Plaintiffs' ERISA claim is meritorious, that Plaintiffs' claims are appropriate for class treatment, and that their claims properly extend back four years.

36. Plaintiffs' allegations in Paragraph 36 state their characterization of the law, and therefore require no answer. Nevertheless, Defendant alleges that the terms of 29 U.S.C. § 1132 speak for themselves.

37. Defendant denies that Plaintiffs are entitled to any ERISA benefits, and denies the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendant denies each and every allegation contained in Paragraph 39 of the Complaint. Specifically, Defendant denies that Plaintiffs are entitled to any and all relief requested in that paragraph of the Complaint.

## COUNT II

40. Defendant repeats and realleges its answers to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Paragraph 41 of the Complaint contains Plaintiffs' characterization of their second cause of action and requires no Answer.

42. Defendant admits that Paragraph 42 of Plaintiffs' Complaint purports to set forth the class period for their unjust enrichment claim. Defendant denies that Plaintiffs' unjust enrichment claim is meritorious, that Plaintiffs' claims are appropriate for class treatment, and that their claims properly extend back four years.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

## COUNT III

46. Defendant repeats and realleges its answers to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Paragraph 47 of the Complaint contains Plaintiffs' characterization of their third cause of action and requires no Answer.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint. Specifically, Defendant denies that Plaintiffs are entitled to any and all relief requested in that paragraph of the Complaint.

**JURY DEMAND**

52. Defendant admits Plaintiffs' demand as stated.

**PRAYER FOR RELIEF**

53. Defendant denies that Plaintiffs or the purported members of their putative class are entitled to any and all of the relief contained in Paragraph 53 of the Complaint, including its subparts, incorporates by reference the affirmative defenses set out below, and seeks dismissal of this action with prejudice, with Plaintiffs bearing Defendant's costs and fees of this litigation.

* * *

**AFFIRMATIVE DEFENSES**

Having fully answered Plaintiffs' Complaint, Defendant pleads the following defenses and/or affirmative defenses on its own behalf, without waiving any arguments which it may be entitled to assert regarding the burden of proof, legal presumptions or other legal characterizations.

**FIRST AFFIRMATIVE DEFENSE**

Failure to State a Claim

Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Statute of Limitations

Plaintiffs' claims, and the claims of the purported members of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

No Class Action or Collective Action

Plaintiffs' claims, and each of them, cannot and should not be maintained on a class-action basis because those claims, and each of them, fail to meet the necessary requirements for class certification, including, *inter alia*, numerosity, commonality, typicality, predominance, superiority, and adequacy of the class representatives. Moreover, to the extent Plaintiffs seek to assert a collective action claim for violation of the Fair Labor Standards Act, such an action is not permitted by 29 U.S.C. § 216(b).

**FOURTH AFFIRMATIVE DEFENSE**

Unconstitutional Class Action

Certification of a class action under the circumstances of this case would violate the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

No Standing

Neither Plaintiffs, nor the purported members of the putative class defined in the Complaint, are covered by the statutes, regulations and legal theories sought to be invoked in the

Complaint. Accordingly, for this and other reasons, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs, or some of them, lack standing.

**SIXTH AFFIRMATIVE DEFENSE**

Breach of Contract

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and/or the putative class members are in breach of their agreements with Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Estoppel

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief from any Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Laches

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Res Judicata/Collateral Estoppel

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

**TENTH AFFIRMATIVE DEFENSE**

Accord and Satisfaction; Payment

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment. Assuming, arguendo, that Plaintiffs, and the purported members of the putative class defined in the Complaint, or some of them, are/were employees within the meaning of Rhode Island or federal law, which Defendant specifically denies, Plaintiffs' claims, or some of them, are barred in whole or in part by the receipt of compensatory time off.

**ELEVENTH AFFIRMATIVE DEFENSE**

Release

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the individual(s) in question.

**TWELFTH AFFIRMATIVE DEFENSE**

Waiver

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Independent Contractor Status

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, and each of them, are barred because said individuals are/were independent contractors, and not employees of Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Unclean Hands

Pending further discovery, Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Knowing Submission

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and said putative class members knowingly submitted to and acquiesced in the actions alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Unavailability of Penalties

To the extent Plaintiffs or any purported member of the putative class defined in the Complaint seek penalties, punitive damages, or exemplary damages, they fail to state facts sufficient to support such claims, and such claims are precluded by statute, or violate the Due Process rights of the Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Setoff and Recoupment

If any damages have been sustained by Plaintiffs, or by any purported member of the putative class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendant against any judgment that may be entered against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Express Contract

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because they entered into an express contact with Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

Arbitration

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, may not be litigated in court because some or all of said individuals' claims may be subject to individual mandatory, final, and binding arbitration.

**TWENTIETH AFFIRMATIVE DEFENSE**

Conduct Reasonable and in Good Faith/Not Willful

Assuming, arguendo, that Plaintiffs, and the purported members of the putative class defined in the Complaint, or some of them, are/were employees within the meaning of the Rhode Island law or federal law, which Defendant specifically denies, and assuming, arguendo, that any such Plaintiffs, and any such purported members of the putative class, or some of them, are entitled to relief under Rhode Island or federal law, which Defendant specifically denies, Plaintiffs' claims, and the claims of each putative class member, or some of them, are barred, in whole or in part, on the ground that Defendant acted in good faith, with a good-faith and reasonable belief that Defendant had complied fully with federal and state law, with a bona fide dispute as to the obligation of payment, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or State agencies. Furthermore, assuming, arguendo, that a violation of Rhode Island or federal law occurred, which Defendant specifically denies, Defendant's conduct was not willful.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Unavailability of Equitable Relief

Plaintiffs' claims, and the claims of each purported member of the putative class defined in the Complaint, or some of them, for equitable relief are precluded.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Preemption

Plaintiffs' claims, and the claims of the purported members of the putative class described in the Complaint, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

* * *

Defendant reserves the right to assert by supplemental pleading any affirmative defenses or counterclaim which matures, or is acquired by it, subsequent to the filing of this Answer.

* * *

WHEREFORE, Defendant prays for judgment as follows:

(1) That the Complaint and each claim therein be dismissed with prejudice;

(2) That Defendant be awarded its costs incurred herein, and reasonable attorneys' fees;

(3) That Defendant be granted leave to amend its pleadings to conform to the proof; and

(4) That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: June 8, 2005

Respectfully submitted,

PATRICIA S. SULLIVAN (#2120)
JOHN R. DORAN (#6415)
EDWARDS & ANGELL, LLP
2800 FINANCIAL PLAZA
PROVIDENCE, RI 02903
PH: (401) 274-9200
FAX: (401) 276-6611

Of Counsel:

JOHN H. BEISNER
EVELYN L. BECKER
O'MELVENY & MYERS LLP
1625 EYE STREET N.W.
WASHINGTON, D.C. 20006
PH: (202) 383-5300
FAX: (202) 383-5414

*Attorneys for Defendant FedEx Ground Package System, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2005, a true and correct copy of the foregoing Answer was served by U.S. Mail on the following:

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Wood R. Foster, Jr.
Jordan M. Lewis
Siegel, Brill, Greupner, Duffy & Foster, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

DC1:627911.2