UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Raymond Tierney,<br>Wayne F. Mills, Jr., Alan Ginet,<br>Eric J. Moss, Sammy Farland,<br>Donald J. McClafferty, Ricardo Bacani,<br>Paul Luongo and Stephen H. McGuinness, on behalf of<br>themselves and all persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FedEx Ground Package System, Inc.,<br><br>Defendant. | Case No.: 05-220L |

## Plaintiffs' Notice Of Motion And Motion To Amend

Plaintiffs, by and through their undersigned counsel, hereby move this Court for leave to amend their Complaint. This motion is brought under authority of Fed. R. Civ. P. 15. As the attached memorandum shows, the proposed changes to the complaint are, in general, minor, and will largely work to *reduce* the defendant's exposure in this case.



SCANNED

Dated: 7/1/05

By: Respectfully submitted,

Peter N. Wasylyk

Peter N. Wasylyk
**LAW OFFICES OF**
**PETER N. WASYLYK**
1307 Chalkstone Avenue
Providence, RI 02098
401-831-7730
401-801-6064 (facsimile)

Wood R. Foster Jr.
Jordan M. Lewis
**SIEGEL, BRILL, GREUPNER,**
**DUFFY & FOSTER, P.A.**
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
215-814-9322
215-814-9323 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I, Jordan M. Lewis, hereby certify that a true and correct copy of the following:

- Plaintiffs' Notice of Motion and Motion to Amend the Complaint;
- Plaintiffs' Memorandum in Support of Motion Amend and in Opposition to Defendant's Motion to Stay;
- Affidavit of Jordan M. Lewis;
- Proposed Amended Complaint.

Was sent to the following counsel by regular mail:

Patricia A. Sullivan
Edwards & Angel LLP
2800 Financial Plaza
Providence, RI 02903

Guy G. Brenner
O' Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001

Dated: 7/1/05

Jordan Lewis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Raymond Tierney,<br>Wayne F. Mills, Jr., Alan Ginet,<br>Eric J. Moss, Sammy Farland,<br>Donald J. McClafferty, Ricardo Bacani,<br>Paul Luongo and Stephen H. McGuinness, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FedEx Ground Package System, Inc.,<br><br>Defendant. | : | Case No.: 05-220L |

## Plaintiffs' Memorandum In Support of Motion To Amend And In Opposition To Defendant's Motion To Stay

## I. Introduction

With this motion, plaintiffs seek Court approval for something that could, and should, have been done with the consent of defendant FedEx Ground, Inc. Plaintiffs want to amend their complaint. They seek to make three changes:

- They want to clean up a few typographical errors and formatting miscues that found their way into the complaint.
- They want to strike one of their three legal claims, having studied FedEx's answer and concluded that it has a meritorious defense to their FLSA claim.
- And they want to dramatically narrow the class, from one that seeks to certify a national class to one that seeks to certify a class of Rhode Island-based drivers *only*.

In other words, plaintiffs seek permission to amend their complaint to *dramatically* narrow FedEx's exposure in this action. But when they contacted FedEx's counsel to ask them to

stipulate to the amendment, FedEx not only rejected this uncontroversial request out-of-hand, it filed a motion to stay all proceedings in this action.

This is the first time in plaintiffs' counsel's collective experience that a defendant has declined to stipulate to a request that would - at no cost – shrink its exposure. It is a safe bet that something else, that has no bearing at all on the merits of plaintiffs' request, is at work.

## II. Procedural Posture

This case was commenced two months ago, with the filing of a three-count complaint. FedEx timely answered; a few days later, FedEx moved to indefinitely stay all proceedings in this matter, pending its motion to consolidate. (That second motion is brought before the Multi-District Litigation Panel.) FedEx filed its motion *after* being contacted by plaintiffs' counsel, who asked FedEx to stipulate to the filing of the proposed amended complaint. (The proposed Amended Complaint is included with this filing).

According to FedEx, the MDL Panel will hear FedEx's motion on July 28 "and typically its decisions are issued within three weeks of oral argument."[1] Under this Court's Local Rules, plaintiffs' motion to certify is due shortly thereafter.

## III. Summary of Complaint's Allegations

Plaintiffs are all drivers for FedEx Ground Package System, Inc. They are considered independent contractors by FedEx and compensated accordingly, meaning they are personally responsible for thousands of dollars of yearly business expense. This suit arises because, notwithstanding its designation of the drivers as independent contractors, FedEx treats the drivers with the control ordinarily associated with an employee-employer relationship.

---

1 FedEx 6/16/05 Br. at 8.

Plaintiffs are not drawing on a blank slate, as FedEx has *already lost* a near carbon-copy of this case. FedEx Ground drivers in California brought a class action on behalf of California FedEx drivers on the same theory as alleged here. The trial court certified the class and found that the FedEx Ground drivers were employees not independent contractors. "The Court finds that in entering the relationship, [FedEx Ground] purposely erected controls of an employment nature, hoping that in spite of those strictures, the status would still be seen and considered to be that of an independent contractor."[2]

Not surprisingly, other FedEx drivers learned of the California decision and followed suit. And those other cases are the true focus of FedEx's stay motion brought here. FedEx wants to consolidate the other state cases into a single proceeding and further wants to tell the MDL Panel that it faces a purported national class in Rhode Island (plaintiffs are led to believe that none of the other cases seek certification of a national class).

That might (or might not) be a legitimate trial strategy. But it is irrelevant to FedEx's motion to stay, whose declared rationale is to spare this Court from "wast[ing] its limited time and resources supervising pre-trial proceedings and making rulings..."[3] FedEx's goal is *not* to conserve judicial resources as it so declares in its motion papers; *some* court will end up hearing plaintiffs' motion to amend.

---

[2] Estrada v. FedEx Ground, No. BC 210130 (Cal. Super. Ct. July 26, 2004) (attached as **Tab A** to the **Lewis Affidavit.**).

[3] FedEx 6/16/05 Motion at 2.

## IV. Argument

**1. Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so required."[4] A motion to amend should be granted unless it is "apparent" that it would reward undue delay, bad faith, or dilatory motive on the part of the movant.[5]

Applying this standard, it is clear that plaintiffs' motion should be granted.

**2. Undue Delay**

There can be no claim that there is "undue delay." This case has just commenced; FedEx has done nothing but (1) answer and (2) move this Court to stay these proceedings. Under any measure, plaintiffs' motion is brought without delay.

**3. Bad Faith**

Rather than exhibiting bad faith, plaintiffs' motion proves the contrary.

The most significant substantive change between the two complaints is that plaintiffs seek to drop their FLSA claim and to limit the class size to Rhode Island drivers. The former is occasioned by plaintiffs' review of FedEx's answer, which claims a viable defense to the FLSA claim. Having being put on notice by FedEx of this defense, it cannot be bad faith to conclude that, on this one point, FedEx is correct.

---

4 Fed. R. Civ. P. 15(a).

5 Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983) (quoting Forman v. Davis, 378 U.S. 178, 182 (1962)).

The second amendment dovetails with the first. In plaintiffs' view, this case goes from one focused on FLSA to one that pivots on the law of unjust enrichment. Of course, the common law on unjust enrichment has developed differently throughout the 50 states, and that fact national certification of this claim a long putt, at best. Plaintiffs cannot be criticized, particularly at this early stage of the litigation, for realistically assessing these litigation risks and concluding that unjust enrichment is far better suited for state-by-state challenge, and not a "one-size-fits-all" approach that might not reflect *any* particular state's common law on unjust enrichment.

**4. Dilatory Motive**

Again, it is virtually impossible to conceive of an argument that would ascribe a "dilatory motive" to plaintiffs' amendment (though FedEx is vigorously represented and can be expected to offer something up in its opposition papers). Suffice to say that plaintiffs' proposed amended complaint show the absence of a dilatory motive, and nothing more.

**5. FedEx's Real Game Plan**

The real game being played here is by FedEx, and it is strategic. FedEx has concluded that it would prefer to litigate all of the cases pending (1) in a single court (2) in its home jurisdiction in the Western District of Pennsylvania. It is by no means certain that the MDL Panel will grant FedEx its wish. All of the other FedEx cases assert single-state only classes and primarily focus on that state's common law. This case is the outlier, as it involves a putative national class and an admittedly flawed FLSA claim. Plaintiffs believe that this first attempt at articulating their claims indeed overreached, and that is the reason for the difference between their case and the others.

No doubt, FedEx is right on one score. Its motion for reconsideration is probably strengthened by the existence of this case and its current stage of pleadings. But that strategic

advantage is no basis to oppose a motion to amend properly submitted under Fed. R. Civ. P. 15. Nor is this perceived strategic advantage a basis for a motion to stay, particularly where it is "supported" by the argument that a stay is motivated by a need for judicial economy. The fact is, someone will hear plaintiffs' motion to amend, no matter what.

## III. Conclusion

Plaintiffs' motion to amend should be granted. Plaintiffs have no objection to FedEx's motion to stay, to the extent it confers real judicial economy, such as the consolidation of discovery. But plaintiffs are entitled to describe their class, and to present their claims, consistent with what they perceive to be their best prospect of winning.

Respectfully submitted,

Dated: 6/30/05 By: Peter N. Wasylyk /JML

Peter N. Wasylyk
**LAW OFFICES OF**
**PETER N. WASYLYK**
1307 Chalkstone Avenue
Providence, RI 02098
401-831-7730
401-801-6064 (facsimile)

Wood R. Foster Jr.
Jordan M. Lewis
**SIEGEL, BRILL, GREUPNER,**
**DUFFY & FOSTER, P.A.**
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
215-814-9322
215-814-9323 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I, Jordan M. Lewis, hereby certify that a true and correct copy of the following:

- Plaintiffs' Notice of Motion and Motion to Amend the Complaint;
- Plaintiffs' Memorandum in Support of Motion Amend and in Opposition to Defendant's Motion to Stay;
- Affidavit of Jordan M. Lewis;
- Proposed Amended Complaint.

Was sent to the following counsel by regular mail:

Patricia A. Sullivan
Edwards & Angel LLP
2800 Financial Plaza
Providence, RI 02903

Guy G. Brenner
O' Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4001

Dated: 7/1/05

Jordan Lewis