UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Raymond Tierney,<br>Wayne F. Mills, Jr., Alan Ginet, Roland Guillet,<br>Eric J. Moss, Sammy Farland,<br>Donald J. McClafferty, Ricardo Bacani, Paul Luongo and<br>Stephen H. McGuinness, on behalf of<br>themselves and all persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FedEx Ground Package System, Inc.,<br><br>Defendant. | Case No.: 05-220L |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, allege upon their knowledge, information and belief, formed after an inquiry reasonable under the circumstances, as follows:

### INTRODUCTION

1. Throughout most of the upper-tier parcel shipping industry, the drivers who actually pick up and deliver packages are the *employees* of the companies for which they drive. This is true, for example, of FedEx, the parent of defendant FedEx Ground Package System, and of FedEx's largest competitors. This designation makes sense: these shippers have developed a highly regulated set of procedures and protocols that they could not require of drivers if they were independent contractors.

2. Almost unique in the industry, however, are the drivers who deliver for defendant FedEx Ground Package System, Inc. Though these drivers are similarly subject to tightly-regulated control by FedEx Ground, they are nevertheless treated by FedEx Ground as independent contractors.

3. True independent contractor status is something desired by most of the named plaintiffs, and probably most of the class described below. True independent contractor status would permit plaintiffs certain freedoms to operate their business as they see fit, and to run the risks and rewards of owning a business. But there is nothing "independent" about the actual job requirements imposed on drivers by FedEx Ground.

4. Accordingly, if FedEx Ground is going to treat plaintiffs and class members as employees, then it must compensate them as employees, as well. Thus, this lawsuit, on behalf of the named plaintiffs and the class described below, seeks:

- a declaration that plaintiffs and the class are in fact, FedEx Ground employees;
- an award of overtime, paid at the rate of 1.5 times their effective hourly rate;
- reimbursement by FedEx Ground for the multiple overhead business expenses that plaintiffs and the class members have been required to cover; and
- the full range of ERISA pension and health benefits available to all other FedEx Ground employees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the ERISA claims under 29 U.S.C. §1132 (e)(1). This Court has subject matter jurisdiction over all other claims asserted in this action via 28 U.S.C. §1367.

6. Venue is proper in this judicial district because the plaintiffs reside and/ or work within this district, and many of the acts at issue took place here.

## PARTIES

7. Roland Guillet, of Cranston, RI, has been a driver for FedEx Ground for the last 3 years.

8. Wayne Mills, of Cranston, RI, has been a driver for FedEx Ground for the last six months.

9. Alan Ginet, of Rumford, RI, has been a driver for FedEx Ground for the last 10 months.

10. Stephen H. McGuinness of Warwick, RI, has been a driver for FedEx Ground for the last three and one-half years.

11. Ricardo Bacani of Warwick, RI, has been a driver for FedEx Ground for the last year.

12. Donald J. McClafferty, of Norwich, CT, has been a driver for FedEx Ground for the last one and one-half years.

13. Eric J. Moss, of North Providence, RI, has been a driver for FedEx Ground for the last one and one-half years.

14. Sammy Farland, of North Providence, RI, has been a driver for FedEx Ground for the last six months.

15. Paul Luongo, of Smithfield, RI, has been a driver for FedEx Ground for the last two years.

16. Ray Tierney, of North Providence, RI, has been a driver for FedEx Ground for the last two years.

17. FedEx Ground Package System, Inc. ("FedEx Ground") is a subsidiary of FedEx Corp.

18. FedEx Ground was spun off in 2000 from its original parent corporation, FDX Corporation. FedEx Ground is a Delaware corporation with its headquarters in Coraopolis, PA. FedEx Ground is the second largest small package ground carrier in North America, with about 35,000 employees and independent contractors.

19. All plaintiffs and class members are drivers for FedEx Ground. FedEx Ground is specifically defined in this complaint to include all successor, predecessor, and subsidiary entities to which these allegations pertain.

**FACTS**

20. Plaintiffs and all class members are subject to essentially the same Standard Contractor Operating Agreement (which by its terms is governed by Pennsylvania law), as well as uniform FedEx Ground policies and guidelines, only some of which (at least to plaintiffs' knowledge) are in writing. The combined effect of these FedEx Ground policies is that FedEx Ground has the right to, and indeed does, exercise virtually total control over working status, conditions, and requests of plaintiffs and the class.

21. Examples of FedEx Ground control include:

- *Minimum daily hours.* Plaintiffs and class members must spend at least seven hours daily on the road, even if they have completed all their assigned deliveries and pickups. Plaintiffs and class members are docked if they leave the road early, even if their deliveries are completed.

- *Required insurance.* FedEx Ground requires a certain level of auto, liability and workers' compensation insurance, and further requires that plaintiffs and class members buy their insurance from FedEx Ground.

- *No substitute drivers.* Plaintiffs and class members are not permitted to allow drivers who are not pre-approved by FedEx Ground to assume their job duties even temporarily.

- *Uniforms.* All plaintiffs and class members are required to wear FedEx Ground uniforms, without any variance . Their uniform may only be purchased from FedEx Ground.

- *Truck decals.* All plaintiffs and class members are required to decorate their trucks with the same standard-issue FedEx Ground decals, which is only available from FedEx Ground.

- *Punching the clock.* All plaintiffs and class members are required to carry an electronic scanner. Plaintiffs and class members are required to electronically "punch in" at the start of their workday, and "punch out" at the conclusion. The scanner transmits throughout the day, and records the whereabouts of the plaintiffs and the class members.

- *Controlled departures.* Plaintiffs and class members are not permitted to depart from their terminal until after the entire package sort is complete, even where plaintiffs and class members have loaded and readied all of their packages that they are required to deliver. They are required to wait until FedEx Ground completes its paperwork.

- *Bonus tied to FedEx Ground performance.* Plaintiffs' and class members' bonuses are tied to the performance of FedEx Ground.

- *Authority over workdays.* FedEx Ground has the right to order the plaintiffs and class members to work holidays and days after holidays (such as the Friday after Thanksgiving). Failure to show up to work on these required days can result in termination.

- *Authority over work assignments.* FedEx Ground assumes complete authority over which geographical area is to be serviced by plaintiffs and class members. Plaintiffs and class members are not permitted to exchange those assigned geographical areas among themselves.

- *Authority over work load.* FedEx Ground exercises total control over the workload of plaintiffs and class members.

- *Authority over drop-offs and pickups.* FedEx Ground assumes complete control over the daily drop-off and pickups assignments of plaintiffs and class members. Plaintiffs and class members are not permitted to informally exchange work assignments among themselves.

- *Authority over the selling of routes.* Plaintiffs and class members cannot buy and sell their FedEx Ground assigned routes without prior approval by FedEx Ground.

- *No potential for entrepreneurial risks and rewards.* Plaintiffs and class members are compensated on a highly structured system that gives them no ability to exercise entrepreneurship or otherwise engage in the risks and rewards associated with owning a business. Accordingly, plaintiffs and class members are paid a daily stipend, based on their geographical area assigned by FedEx Ground, and are paid a set amount for each FedEx assigned stop, and separately for each FedEx-assigned delivered package.

- *No opportunity to sell FedEx Ground services.* Plaintiffs and class members cannot take orders from customers for FedEx Ground services.

- *No opportunity to compete.* Plaintiffs and class members cannot separately offer pickup and/or delivery services independent from FedEx Ground.

- *"Company store."* Plaintiffs and class members receive weekly paychecks from FedEx Ground. From their total owed (assigned route stipend plus assigned stops plus completed deliveries), FedEx Ground deducts various compulsory expenses. These business expenses are for services (such as the leasing of equipment) that plaintiffs and class members cannot shop around to other vendors to seek a better deal.

- *Approval requirements.* FedEx Ground requires that all plaintiffs and class members (and those substitute drivers who plaintiffs and class members want to occasionally assume their job duties) take and pass a FedEx Ground institutional course.

- *Port-to-port control.* Plaintiffs and class members are required to begin their workday at their assigned FedEx Ground terminal.

## CLASS ALLEGATIONS

22. Plaintiffs bring this case on behalf of the following class:

All single work area pick up and delivery drivers who (1) are dispatched from a Rhode Island-based terminal, and (2) performed services for FedEx Ground driving full-time

(exclusive of time off for vacation and/or illness) pursuant to the terms of the standardized operating agreements.

23. All class members share an interest in ascertaining whether they should be treated as employees, or as independent contractors.

24. The named plaintiffs will fairly and adequately represent the class. The named plaintiffs are members of the class, have no interest antagonistic to the members of the class, and have retained lawyers experienced in class action litigation to prosecute their case.

25. The class is large, numbering into the hundreds, at least. Accordingly, joinder is impracticable.

26. Nevertheless, the class is not large enough to render class treatment unmanageable. Nearly all relevant information, e.g., the identity of those class members, can be found in written and electronic records of FedEx Ground.

27. Pursuant to Fed. R. Civ. P. 23(a)(2) and (a)(3), there are questions of law or fact common to the class, including, but not limited to:

a. Whether plaintiffs and class are members have the requisite independence and discretion of independent contractors?

b. Whether the uniform acts of defendant convert the plaintiffs and the class, by law, into "employees"?

c. Whether plaintiffs and the class are entitled to their overtime, at a rate of time-and-a half for all hours worked over 40 per week?

d. Whether plaintiffs and the class are entitled to be reimbursed for copy expenses that they covered?

e. Whether plaintiffs and the class are entitled to their pension and health benefits plans because they are, in fact, employees?

f. Whether the actions of FedEx Ground are applicable to the class as a whole, entitling class members to injunctive relief?

28. The claims of plaintiffs are typical of the claims of each member of the class as a whole and are based on and arise out of identical conduct by FedEx Ground.

29. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation. Plaintiffs will fairly and adequately represent the interests of the members of the class.

30. The prosecution of separate actions by individual members of the class would create a risk of establishing incompatible standards of conduct for defendant.

31. Defendant's actions are generally applicable to the class as a whole, and plaintiffs seek remedies with respect to the class as a whole.

32. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.

## Legal Claims

### Count I

### Plan Enforcement Under ERISA

33. Plaintiffs restate and reallege the above paragraphs as if fully set forth.

34. Plaintiffs' first cause of action is a claim for plan enforcement under 29 U.S.C. §1132 (a)(1)(B) of ERISA.

35. This Court has jurisdiction to hear this claim under 29 U.S.C. §1132 (e)(1). In conformity with 29 U.S.C. §1132 (h), plaintiffs are contemporaneously serving this complaint, by certified mail, on the secretaries of Labor and Treasury.

36. The class period for the claim extends four years back from the commencement of this litigation.

37. Under 29 U.S.C. §1132 (a)(1)(B), plaintiffs are authorized to clarify and to enforce their rights to ERISA benefits in whatever plan for which they were eligible.

38. Up to now, defendant has taken the position that plaintiffs are not entitled to any ERISA benefits, based on defendant's legally invalid contention that plaintiffs and the class are not employees.

39. Because plaintiffs and the class, however, are in fact employees, they are entitled to employee benefits.

40. Accordingly, under 29 U.S.C. §1132 (a)(1)(B), plaintiffs are entitled to their benefits, declaratory relief, equitable restitution, and injunctive relief. Plaintiff are further entitled to prejudgment interest, costs, and attorneys fees pursuant to 29 U.S.C. §1132 (g) and the common fund doctrine.

**Count II**

**Unjust Enrichment**

41. Plaintiffs restate and reallege the above paragraphs as if fully set forth.

42. Plaintiffs' second cause of action is for unjust enrichment. It arises under the common law.

43. The class period for this claim extends four years back from the commencement of this action.

44. Throughout the course of their relationship, plaintiffs and the class have conferred benefits on defendants, the retention of which would be inequitable without payment. The benefits are those expenses that defendant has required plaintiffs and the class to pay, but that

were in fact business expenses that - in any commercial employee-employer relationship - would be defendant's obligation to cover. These expenses include but are not limited to:

- Purchasing and/or leasing the vehicle used to perform pickups and deliveries;
- Operating expenses, such as fuel, oil, tires, business taxes, cleaning, insurance, registration and tolls;
- Vehicle maintenance;
- Marking the vehicle with decals, logos, numbers, marks and insignias;
- Vehicle licensing;
- Payments to the Contractor Performance Escrow Account;
- Purchasing, renting and cleaning of uniforms;
- Purchasing and other payments for use of communication, equipment such as scanners;
- Liability insurance premiums and payments;
- Workers' compensation insurance premiums and payments

In addition, plaintiffs and the class have worked more than 40 hours a week, but have not been compensated at a rate appropriate, given their correct legal status as employees.

45. Defendant has accepted and appreciated the value of shifting these expenses onto plaintiffs and the class. Under these circumstances, it would be inequitable for defendants to retain this benefit without payment to plaintiffs and the class for the expenses.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs individually, and on behalf of all other similarly situated, pray for the following relief:

A. An order certifying the class as described with the named plaintiffs as class representatives.

B. An award to the plaintiffs and the class in the amount of their unpaid overtime compensation.

C. A declaration that plaintiffs and class members are full participants in all ERISA plans otherwise available to FedEx Ground employees.

D. An order that requires FedEx Ground to pay or otherwise credit plaintiffs and class members to all ERISA benefits to which they are retroactively entitled.

E. An order requiring FedEx Ground to reimburse and/or indemnify plaintiffs and class members for the FedEx Ground business expenses that they have covered.

F. An award of attorneys' fees, plus the costs and expenses of this action.

G. Prejudgment interest, as afforded by law.

H. All such other legal and equitable relief to which plaintiffs and class are entitled.

Dated: 6/30/05

Respectfully submitted,

By: Peter Wasylyk/JML

Peter N. Wasylyk
**LAW OFFICES OF**
**PETER N. WASYLYK**
1307 Chalkstone Avenue
Providence, RI 02098
401-831-7730
401-801-6064 (facsimile)

Jordan M. Lewis
Wood R. Foster Jr.
**SIEGEL, BRILL, GREUPNER,**
**DUFFY & FOSTER, P.A.**
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
215-814-9322
215-814-9323 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

W:\Jordan Lewis\Roland Guillet et al. v. FedEx Ground\Pleadings\Amended Complaint 06.05.wpd