**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **RAYMOND TIERNEY, WAYNE F. MILLS, JR., ALAN GINET, ERIC J. MOSS, SAMMY FARLAND, DONALD J. McCLAFFERTY, RICARDO BACANI, PAUL LUONGO, and STEPHEN H. MCGUINNESS, on behalf of themselves and all persons similarly situated,** | **CIVIL ACTION NO. 05-220 L** |
| **Plaintiffs,** | |
| **v.** | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | |
| **Defendant.** | |

**OPPOSITION OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S TO PLAINTIFFS' MOTION TO AMEND**

Defendant FedEx Ground Package System, Inc. ("FedEx Ground" or "Defendant") hereby objects to the Motion of Plaintiffs Raymond Tierney, Wayne F. Mills, Jr., Alan Ginet, Eric J. Moss, Sammy Farland, Donald J. McClafferty, Ricardo Bacani, Paul Luongo, and Stephen H. McGuinness, for leave to amend their Complaint. In support of this Opposition, FedEx Ground relies upon the accompanying Memorandum of Law.

Dated: July 21, 2005

Respectfully submitted,

PATRICIA A. SULLIVAN (#2120)
JOHN D. DORAN (#6415)
EDWARDS & ANGELL, LLP
2800 FINANCIAL PLAZA
PROVIDENCE, RI 02903
PH: (401) 274-9200
FAX: (401) 276-6611

Of Counsel:

JOHN H. BEISNER
EVELYN L. BECKER
O'MELVENY & MYERS LLP
1625 EYE STREET N.W.
WASHINGTON, D.C. 20006
PH: (202) 383-5300
FAX: (202) 383-5414

*Attorneys for Defendant FedEx Ground Package System, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2005, a true and correct copy of the foregoing Opposition to Motion to Amend was served by U.S. Mail on the following:

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Wood R. Foster, Jr.
Jordan M. Lewis
Siegel, Brill, Greupner, Duffy & Foster, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAYMOND TIERNEY, WAYNE F. MILLS, JR., ALAN GINET, ERIC J. MOSS, SAMMY FARLAND, DONALD J. McCLAFFERTY, RICARDO BACANI, PAUL LUONGO, and STEPHEN H. MCGUINNESS, on behalf of themselves and all persons similarly situated,** | ) | **CIVIL ACTION NO. 05-220 L** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND**

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") does not disagree with Plaintiffs' assessment that their Fair Labor Standards Act ("FLSA") and 49-state class claims are wholly without merit. Instead, FedEx Ground believes that the amendment dismissing these claims, which in any event the Court may choose to review under Fed. R. Civ. P. 23(e), and any other pretrial proceedings should be stayed until the Judicial Panel on Multidistrict Litigation (the "Panel") determines which court will be responsible for this case as a result of Defendant FedEx Ground's Motion to Transfer for Coordinated Pretrial Proceedings (the "MDL Motion"). Plaintiffs' desperation to amend their complaint now, prior to the oral

argument to be held before the MDL Panel on July 28, 2005, reveals that their motion to amend the complaint is a thinly-veiled attempt to manipulate the proceedings before the MDL Panel. Moreover, Plaintiffs' newly-filed objection to FedEx Ground's Motion to Stay further reveals that they seek to amend in order to attempt to manipulate the MDL proceedings; Plaintiffs make clear that they now agree that a stay is appropriate *except only* as to their Motion to Amend. Their rush to amend their complaint now, instead of waiting until the MDL Panel rules on the motion to transfer can have no plausible basis except to somehow affect the MDL proceedings. For the reasons set forth below, FedEx Ground respectfully requests that this Court grant its Motion to Stay all proceedings, including any amendment to Plaintiffs' complaint, pending the Panel's transfer decision as to this case.

## ARGUMENT

### I. This Matter Should Be Stayed Pending The Panel's Decision On Whether To Transfer

As explained in detail in FedEx Ground's Reply to Plaintiffs' Opposition to the Motion to Stay, filed jointly herewith, FedEx Ground's only assertion is that this case, like the other cases subject to the MDL Motion, should be stayed pending the outcome of the MDL Panel's decision. This is particularly appropriate because it is likely that the Panel will choose to transfer these cases for coordinated pretrial proceedings. The very fact that the MDL Panel chose to hear argument again regarding FedEx Ground's motion to transfer after it had initially denied the motion is a good indicator that the Panel will, based upon new developments, grant FedEx Ground's motion to transfer the cases to a single transferee court.

Staying this case pending the outcome of those MDL proceedings would thus avoid duplicative work and conserve judicial resources for two basic reasons. *First,* the potential transferee court may desire for all the different opposing counsel to file a consolidated amended

complaint, thereby rendering Plaintiffs' request to amend their current complaint effectively moot. *Second*, even if a consolidated amended complaint is not issued, the transferee court would be able to consider the amendment to the case, as required under Rule 23(e), as well as any other pretrial requests, in a cohesive manner that takes into account all the related actions. A stay would accordingly promote consistency in this case. Consequently, all proceedings in this matter, including any amendment to the complaint, should properly be stayed pending the MDL Panel's decision.

## II. Plaintiffs Seek To Manipulate the MDL Proceedings By Amending Their Complaint At This Time

As noted above, FedEx Ground does not disagree that there are serious flaws in Plaintiffs' original Complaint. Permitting Plaintiffs to amend the complaint at this time, however, would be inconsistent with Fed. R. Civ. P. Rule 15 ("Rule 15"). Rule 15 provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In this case, justice does not require any such amendment.

To the contrary, there is no reason that this amendment needs to be heard prior to the cases being transferred to a single Court for coordinated pre-trial proceedings. The timing of Plaintiffs' amendment seems to be have been calculated to affect the outcome of the MDL proceedings. That is not a purpose sanctioned under Rule 15. Contrary to Plaintiffs repeated assertions, if there is any strategic game being played here, it is one being played by Plaintiffs, not FedEx Ground. Plaintiffs seek to amend the complaint *now* to dismiss the 49-state and FLSA claims before the MDL Panel hearing instead of simply waiting until the MDL Panel's decision whether to send this case to another court has been made because they believe the amendment will negatively affect FedEx Ground's MDL Motion. Plaintiffs' actions are not

surprising given that plaintiffs in another case, *Sheehan,* also abruptly dismissed their nationwide claims ***after*** FedEx Ground filed its renewed MDL Motion.

The chronology of filing also highlights Plaintiffs' apparent motivations. On April 27, 2005, FedEx filed a motion for reconsideration of the MDL Panel's denial of FedEx Ground's initial motion for transfer. After reviewing FedEx Ground's filing, the MDL Panel requested that the Company convert its motion for reconsideration to another motion to for transfer. On May 11, 2005, FedEx Ground filed its renewed MDL Motion, as requested by the Plaintiffs. In that MDL Motion, FedEx Ground noted the existence of the then-recently filed *Sheehan* nationwide class action. Approximately one week later, Plaintiffs filed this 49-state class action on May 19, 2005. FedEx Ground filed its reply to the objections filed by plaintiffs to the motion to transfer on June 9, 2005 and noted for the MDL Panel the existence of this case as well as others filed during the intervening period. FedEx Ground noted the fact that another nationwide class action had been filed. Plaintiffs *then* decided to amend the complaint by dismissing the 49-state claims.[1]

Finally, Plaintiffs' new "objection" filed on July 19 demonstrates that the only reason they seek to amend now is to attempt to manipulate the MDL proceedings Plaintiffs do not oppose a stay *except* as it applies to their attempt to amend, a matter that has utterly no urgency since they have agreed otherwise to stay the proceedings. Given that Plaintiffs have essentially

---

[1] Even if plaintiffs here were able to dismiss the 49-state claims, FedEx Ground does not believe that would have any affect on the MDL Panel's ruling. The need for coordination is highly compelling even if there is no nationwide action pending. Moreover, the Panel will undoubtedly see through the attempts to manipulate the MDL process, and recognize the likelihood that some counsel would decide to bring a nationwide action in the event that the Panel did not coordinate the cases.

conceded that a stay is appropriate, there is no legitimate reason why that stay should not apply to all proceedings.

## III. The Court May Choose To Review Plaintiffs' Proposed Dismissal Under Rule 23(e)

In addition to the foregoing, this Court may determine that it is appropriate to review dismissal of class claims under Fed. R. Civ. P. Rule 23(e)(1)(C). That Rule, as amended in 2003, provides that "[t]he court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable and adequate." Courts have previously found that Rule 23(e) applies to class actions that have yet to be certified; thus, under the prior rule, a putative class action could not be voluntarily dismissed without approval of the court. *In re Nazi Era Cases Against German Defendants Litig.* 198 FRD 429 (D.N.J. 2000).

Although Rule 23(e)(1)(C) was amended in 2003, the Advisory Committee Notes for Subdivision (e)(1)(C) provides that it "confirms and mandates the already common practice of holding hearings as part of the process of approving settlement, voluntary dismissal, or compromise that would bind members of a class." Moreover, even since the 2003 amendments, some courts have continued to adopt the view that Rule 23(e) applies in a precertification context where putative class members are likely to be prejudiced. *See e.g., Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755 (6th Cir. 2005). Some courts have thus concluded that the putative class members' rights in the litigation were protected as of the filing date of the complaint. *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 251 (S.D.N.Y. 2005) *citing McDowall v. Cogan*, 216 F.R.D. 46, 50 (E.D.N.Y. 2003) ("Rule 23(e) applies even in the context of putative class actions. Its reach to cases in the pre-certification stage reflects the requirement that courts, for the purposes of settlement, must presume that a class action is 'proper,' i.e., that the class has been certified, prior to actual certification.").

In this case, Plaintiffs propose to dismiss the complaint as to putative class members in 49 states and also dismiss FLSA claims for all putative class members. The magnitude of these proposed changes may implicate the considerations of fairness for all putative class members. For this reason, even if Rule 23(e) does not mandate review, prior to any amendment, the Court may wish to consider the effect, if any, of the amendment on the rights of the putative class. Undertaking such a review would best be accomplished by the Court assigned to coordinate all the actions nationwide.

**CONCLUSION**

For the foregoing reasons, FedEx Ground respectfully requests that the Court grant its motion to stay all proceedings in this case, including any amendment to the complaint, pending resolution of FedEx Ground's Motion to Transfer for Coordinated Pretrial Proceedings as it pertains to this case.

Dated: July 21, 2005

Respectfully submitted,

Patricia A. Sullivan
EDWARDS & ANGELL
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
*Attorneys for Defendant FedEx Ground Package System, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant, hereby certifies that a true and correct copy of the foregoing "Memorandum In Support Of Defendant FedEx Ground Package System, Inc.'s Response To Plaintiffs' Motion To Amend" was served by mail upon:

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908

Wood R. Foster, Jr.
Jordan M. Lewis
Siegel, Brill, Greupner, Duffy & Foster, P.A.
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

on this 21st day of July, 2005.